**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDUARDO QUINTANA JAVIER,

*Petitioner*,

v. Case No. 3:26-cv-1960-WWB-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

*Respondents*.

# ORDER

Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging, *inter alia*, that Immigration and Customs Enforcement's ("**ICE**") mandatory detention of him without an individualized bond hearing is unlawful under the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1 at 7). Petitioner seeks an order requiring Respondents to conduct a bond hearing. (*Id.* at 7). Federal Respondents concede that Petitioner "is eligible for [a bond] hearing under 8 U.S.C § 1226(a), which the United States does not oppose." (*See* Doc. 5).

As such, considering Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[1]

[1] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.*, No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[2] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

---

"seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

**DONE AND ORDERED** in Jacksonville, Florida, on August 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Eduardo Quintana Javier, A209075319
Counsel of Record